IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDDIE JOE REZA,

    Movant,

vs.                                                 No. CV 16-00881 JAP/KBM
                                                     No. CR 10-02135 JAP

UNITED STATES OF AMERICA,

    Respondent.

## ORDER QUASHING ORDER TO SHOW CAUSE AND DIRECTING THE UNITED STATES OF AMERICA TO ANSWER

THIS MATTER is before the Court on the Order to Show Cause entered by the Court on July 20, 2016 (CV Doc. 3; CR Doc. 70) and Movant Eddie Joe Reza's Response filed December 28, 2016 (CV Doc. 9; CR Doc. 76). The Court determines that Movant Reza has shown good cause why his Motion under 28 U.S.C. § 2255 should not be dismissed as barred by the limitations period of 28 U.S.C. § 2255(f), quashes the Order to Show Cause, and directs the United States of America to file an answer to Movant Reza's § 2255 Motion.

Final Judgment was entered on Reza's conviction and sentence on June 1, 2011. (CR Doc. 51). Reza filed a first § 2255 motion on October 30, 2015 seeking relief under *Johnson v. United States,* 135 S.Ct. 2551 (2015). (CR Doc. 56). The Court determined that Reza's sentence could not have been enhanced by two challenged state court convictions because the state court charges had not even been filed at the time the Presentence Report was disclosed. Instead, he was given the two-level enhancement based on a stolen firearm. The Court concluded Reza is not eligible for relief under *Johnson* and denied the first § 2255 motion. (CR Doc. 58, 59). Reza filed an untimely appeal from the Court's ruling, which was dismissed by the Tenth Circuit. (CR Doc. 64).

1

Reza then sought to proceed on a second § 2255 Motion, raising a different state court conviction and contending that he is eligible for relief under the United States Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015). (CR Doc. 67, CV Doc. 1). Reza filed his Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 by a Prisoner in Federal Custody in the United States Court of Appeals for the Tenth Circuit. The envelope in which the Application was mailed has a postmark of July 15, 2016, and the Application was received by the Tenth Circuit on July 20, 2016. (CR Doc. 66, 67). The Tenth Circuit granted him authorization to proceed with his second § 2255 Motion by Order dated July 29, 2016. (CR Doc. 66).

Movant Reza is proceeding under a theory that his sentence should be vacated and he should be resentenced based on *Johnson v. United States,* 135 S.Ct. 2551 (2015). The 1-year limitation period applicable to his claim, then, is the period under § 2255(f)(3). The *Johnson* decision was handed down by the Supreme Court on June 26, 2015 and the deadline for filing a § 2255 motion based on *Johnson* was June 27, 2016 (June 26, 2016 was a Sunday and under Fed. R. Civ. P. 6(a)(1)(C), the time was extended to Monday, June 27).

The Tenth Circuit's Order authorizing Movant Reza to proceed on his § 2255 Motion provides:

> "The filing date for the authorized § 2255 motion is the earlier of 1) the date the motion for authorization was filed in this court, or 2) the date the motion for authorization was delivered to prison authorities for mailing, if the district court determines Movant is entitled to the benefit of the prison mailbox rule. . ."

Because it appeared from the face of Reza's § 2255 Motion that the Motion was not filed within the one-year period provided by 28 U.S.C. § 2255(f), the Court ordered Reza to show cause why his § 2255 Motion should not be dismissed as untimely. (CV Doc. 3; CR Doc. 70).

2

Following granting of an extension of time, Reza timely filed a Response to the Order to Show Cause on December 28, 2016. (CV Doc. 9; CR Doc. 76). Reza also filed an Amended Certificate of Service, certifying that he placed his § 2255 Motion in the prison mail system, first class postage prepaid, on June 24, 2016. (CV Doc. 8; CR Doc. 75).

Section 2255(f) states:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A § 2255 motion is timely only if it is either filed within the time limitations provided under § 2255(f) or the movant presents facts supporting equitable tolling of the limitations period. To be entitled to equitable tolling, a movant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Yang. v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008).

A prisoner may also demonstrate timeliness by certifying compliance with the prison mailbox rule within the time period set out under § 2255(f). For purposes of § 2255 proceedings, the prison mailbox rule is set out in rule 3(d) of the Rules Governing Section 2255 Proceedings

3

for the United States District Courts. Rule 3(d) states:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Rule 3(d) provides that, for prisoners, timely filing through use of a prison mail system may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid. Even if the prisoner actually uses the prison's mail system and pays the postage, that use of the system will not trigger the mailbox rule if the mandatory declaration requirements of rule 3(d) are not satisfied. Instead, if the declaration does not meet the requirements of the rule, the date of receipt by the court is the controlling filing date. *See, e.g., Price v. Philpot,* 420 F.3d 1158, 1165-67 (10th Cir.2005); *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143-46 (10th Cir.2004); *Smith,* 182 F.3d at 734 n. 1.

In his Response, Reza presents facts, by a sworn affidavit, that he had been diligently pursuing filing of his § 2255 Motion prior to the June 26, 2016 deadline for filing under the *Johnson* case. However, he was undergoing chemotherapy at the time and was housed at a medical facility. The medical facility functions very differently from a normal Bureau of Prisons facility. Reza testifies that he gave his § 2255 Motion to a nurse in a sealed envelope on June 24, 2016 and advised the nurse that he was under a deadline to file. For reasons Reza does not know, the § 2255 Motion was not

postmarked until July 15, 2016. (CV Doc. 9-1; CR Doc. 76-1). Reza has also filed an Amended Certificate of Service establishing his attempt to comply with the prison mailbox rule requirements of rule 3(d). (CV Doc. 8; CR Doc. 75).

There is a question as to whether the medical facility where Reza was housed has a prison mail system as contemplated by rule 3(d). Assuming that it does, then Reza's Amended Certificate of Service establishes the certification requirements of the rule. However, even if the medical facility does not have a prison mail system, Reza's affidavit sufficiently demonstrates good cause for equitable tolling of the § 2255 limitation period. The Court determines that Reza's § 2255 Motion is not clearly subject to dismissal as untimely and will quash the Order to Show Cause.

**IT IS ORDERED** that the Court's September 28, 2016 Order to Show Cause (CV Doc. 3; CR Doc. 70) is **QUASHED**; and

**IT IS FURTHER ORDERED** that the United States of America **ANSWER** Movant's § 2255 Motion within twenty-three days of entry of this Order. The Clerk is **DIRECTED** to forward to the United States of America a copy of Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 67) and supporting papers and exhibits, if any, together with a copy of this Order.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE